## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

**Civil Action No. 08-177-HRW**

**VINIE COLLINS,**                                              **PLAINTIFF,**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on November 15, 2005, alleging disability due to diabetes, nerves, acid reflux and high blood pressure (Tr. 75).

This application was denied initially and on reconsideration.

On April 25, 2007, an administrative hearing was conducted by

Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not
> disabled.

> Step 2: If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3: If the claimant is not performing substantial gainful work and has a
> severe impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or
> impairments) meets or medically equals a listed impairment contained in
> Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
> further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him
> from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from
> performing his past relevant work, if other work exists in significant
> numbers in the national economy that accommodates his residual functional
> capacity and vocational factors, he is not disabled.

On May 24, 2007, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 15-18).

Plaintiff was 52 years old at the time of the hearing decision. She has a limited education and no relevant past work experience (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffered from a combination of impairments, none are "severe" within the meaning of the Regulations (Tr. 17).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 2 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 25, 2008 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff provides only cursory arguments in support of her motion for summary judgment, which is little more than a recitation of portions of the ALJ's decision and the record. The United States Court of Appeals for the Sixth Circuit has

decline[d] to formulate arguments on [a claimant's]

behalf, or to undertake an open-ended review of the
entirety of the administrative record to determine (i)
whether it might contain evidence that arguably is
inconsistent with the Commissioner's decision, and (ii) if
so, whether the Commissioner sufficiently accounted for
this evidence. Rather, we limit our consideration to the
particular points that [a claimant] appears to raise in [his
/her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th

Cir. 2006).  In *Hollan*, the court also refused to consider claimant's generalized

arguments regarding the physician's opinions of record:

[Claimant] has failed to cite any specific opinion that the
ALJ purportedly disregarded or discounted, much less
suggest how such an opinion might be impermissibly
inconsistent with the ALJ's findings.   In the absence of
any such focused challenge, we decline to broadly
scrutinize any and all treating physician opinions in the
record to ensure that they are properly accounted for in
the ALJ's decision.

*Id.  See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " '

[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived.  It is not sufficient for a party to

mention a possible argument in the most skeletal way, leaving the court to ... put

flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053,

1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's

arguments").

Nonetheless, the Court has reviewed Plaintiff's motion in an effort to discern what errors she claims the ALJ committed.   It appears that Plaintiff contends that the ALJ improperly discounted the opinion of her treating physician, Dr. Jerry Woolum.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive deference  only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Woolum competed a functional assessment on July 31, 2006 in which he suggested severe functional limitation.  (Tr. 123).   The ALJ declined to defer to the opinion, as it is not supported by clinical findings or diagnostic testing.   In addition, his opinion is inconsistent with the record evidence of treatment.   For example, if Plaintiff were truly precluded from performing work activity based upon an ability to stand or walk, one would expect a record of some form of treatment in that regard.   Here, there is none.

Rather, the record supports a finding of no functional limitation.

6

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __5__ day of January, 2009.


_____
Henry R. Wilhoit, Jr., Senior Judge